# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01519-RGK(GJSx) | Date | April 18, 2019 |
|---|---|---|---|

| Title | ***EDDIE YEGAN v. FORD MOTOR COMPANY, et al*** |
|---|---|

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Order Remanding Action to State Court

On January 14, 2019, Eddie Yegan ("Plaintiff") filed a Complaint against Defendants Ford Motor Company ("Ford) and Auto Experts (collectively, "Defendants") alleging fraud and violations of the Song-Beverly Warranty Act.

On March 1, 2019, Ford removed the action to federal court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Ford's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In his complaint, Plaintiff seeks restitution for the value of the car, civil penalties, as well as attorneys' fees and costs under the Song-Beverly Warranty Act. In support of its removal, Ford alleges that the amount in controversy exceeds $75,000 based on a starting point of Plaintiff's request for an "amount not less than $25,001." Ford argues that the jurisdictional minimum is met because, on top of the $25,001, attorney's fees, civil penalties, and punitive damages will raise the amount in controversy far in excess of $75,000.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01519-RGK(GJSx) | Date | April 18, 2019 |
|---|---|---|---|
| Title | *EDDIE YEGAN v. FORD MOTOR COMPANY, et al* | | |

Upon review of Ford's allegations, the Court looks to any facts submitted, and finds that Ford fails to satisfy its burden, as all of its statements are conclusory and based on pure speculation, without any supporting facts. First, Ford fails to include any facts regarding the value of the car. Second, to the extent Ford relies on Plaintiff's request for civil penalties and attorneys' fees and costs, these damages and costs are speculative. District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g.*, *MIC Philberts Invs. v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239, at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel, and may be avoided or accrue over years depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209, at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy. As to civil penalties, while authorized under the Song-Beverly Act, Ford has not offered any evidence to support such an award.

Moreover, Plaintiff's complaint names not only Ford, but also Cali Auto Experts. In his Complaint, Plaintiff alleges that Cali Auto Experts is a business entity conducting business in the State of California. In its Notice of Removal, Ford fails to address this allegation, which bears directly on this Court's jurisdiction over the action. Without any facts countering Plaintiff's allegation regarding Cali Auto Experts' citizenship, the Court finds no complete diversity of citizenship.

Accordingly, the Court find no subjection matter jurisdiction, and hereby **remands** the action to state court for all further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer